Bradley T. Cave, P.C. (Wyo. State Bar #5-2792)
HOLLAND & HART, LLP
2515 Warren Ave., Suite 450
Cheyenne, WY 82001
Telephone: 307.778.4210
bcave@hollandhart.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHRISTIE HIGGINS, RN; ROBERT SHAFFER, CNA2; RONI VANOSDOL, RN; ANITA CASPERSON, CNA; JENNIFER SHERFEY, MLS; SHARIE BELLER, RN; KAYLONN AMUNDSON RN BSN; TONYA MIDDLETON, RN; and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHEYENNE REGIONAL MEDICAL CENTER; and MEMORIAL HOSPITAL OF CONVERSE COUNTY,<br><br>Defendants. | Case No. 0:21-cv-00232-NDF |

## DEFENDANTS' RULE 11 MOTION FOR SANCTIONS

Defendants Cheyenne Regional Medical Center ("CRMC") and Memorial Hospital of Converse County ("MHCC") (collectively "Defendants"), by and through their undersigned counsel, respectfully move this Court for an order imposing sanctions on Plaintiffs' counsel, Mr. Nick Beduhn, pursuant to Fed. R. Civ. P. 11(c) for pursuing frivolous claims that are without merit and lack any justification in law.

## **BACKGROUND**

Plaintiffs are current and former employees of Defendants—hospitals in the State of Wyoming that accept Medicaid/Medicare payments and are thus subject to rules promulgated by

the Center for Medicaid Services ("CMS") and the U.S. Secretary of Health and Human Services (the "Secretary"). As noted in the Complaint, Plaintiffs are registered nurses, certified nursing assistants, and medical laboratory scientists who provide services to Defendants and/or patients. On November 5, 2021, the Secretary issued an interim final rule that ordered healthcare facilities that participate in the Medicare and Medicaid programs to ensure that their "covered staff"[1] are vaccinated against COVID-19 (the "CMS Mandate"). 86 Fed. Reg. 61555 (Nov. 5, 2021). Accordingly, Defendants implemented a mandatory vaccination policy for its staff, with reasonable accommodations (such as regular testing for COVID-19 and mask requirements) for those with a lawful exemption.

On December 22, 2021, Plaintiffs, through Mr. Beduhn, filed their Complaint, and Motions For Declaratory Judgment and Preliminary Injunction ("Complaint"). Pl.'s Compl. (ECF No. 1). Plaintiffs' Complaint makes vague assertions under the State of Wyoming and U.S. Constitutions, and HIPAA, but only asserts three claims for relief against Defendants. Pl.'s Compl., ECF No. 1, at 15-16. First, Plaintiffs seek declaratory judgment related to Defendants' compliance with the Food, Drug and Cosmetic Act ("FDCA") and its implementing regulations. *Id.* at 15. Second, Plaintiffs seek an injunction against the enforcement of Defendant's aforementioned policy that is "in conflict with [the FDCA and its implementing regulations]." *Id.* at 15-16. Third, Plaintiffs asserts a claim for reasonable costs and attorneys' fees pursuant to 42 USC § 1988, despite not asserting any discrete claims under 42 USC § 1983 (but rather using the statute as a basis to confer jurisdiction). *Id.* at 16.

---

[1] Defined as: "[A]ll current staff as well as any new staff, who provide any care, treatment, or other services for the facility and/or its patients [including] [f]acility employees; licensed practitioners; students, trainees, and volunteers; and individuals who provide care, treatment, or other services for the facility and/or its patients."

On January 13, 2022, the U.S. Supreme Court issued its decision in *Biden v. Missouri*, No. 21A240, 595 U.S. --- (Jan. 13, 2022) (slip op.) which upheld the CMS Mandate and stayed injunctions against enforcement of the CMS Mandate.

On January 25, 2022, undersigned counsel sent Mr. Beduhn a letter outlining the legal deficiencies in Plaintiffs' Complaint and the incontestable impact of the *Biden v. Missouri* decision, which alone undermines the entire legal foundation of Plaintiffs' Complaint. Defendants' counsel asked Mr. Beduhn to voluntarily dismiss the lawsuit because it was without merit. Mr. Beduhn did not respond prior to the filing of Defendants' Motion to Dismiss on January 31, 2022.

In accordance with Rule 11 of the Federal Rules of Civil Procedure, Defendants served this Motion on Plaintiffs' counsel on February 4, 2022, and requested that Plaintiffs voluntarily dismiss their Complaint as a cure to the conduct that, as explained below, constitutes a violation of Rule 11(b). This motion will be filed with the Court only if Plaintiffs do not voluntarily dismiss their Complaint within their 21-day cure period prescribed by Rule 11(c)(2).

Thus, Defendants respectfully request recovery of its reasonable attorneys' fees and costs incurred in the litigation of this matter, including without limitation those fees and costs related to Defendants' Motion to Dismiss (including any subsequent briefing) and this Motion (including any subsequent briefing) as justified sanctions.

## ARGUMENT

I. **Plaintiffs' Counsel Asserts Claims And Other Legal Contentions That Are Not Warranted By Existing Law And Supported By Frivolous Arguments (If Any) For Modifying Existing Law Or Establishing New Law In Violation Of Fed. R. Civ. P Rule 11(b)(2).**

The central purpose of Rule 11 is to deter baseless filings in district court and streamline the administration and procedure of the federal courts. *O'Rourke v. Dominion Voting Sys. Inc.*,

3

Civil Action No. 20-cv-03747-NRN, 2021 U.S. Dist. LEXIS 145664, at *34 (D. Colo. Aug. 3, 2021) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Where, as here, a complaint is the primary focus of a Rule 11 proceeding, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *O'Rourke*, 2021 U.S. Dist. LEXIS at *34 (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). The test, as the Tenth Circuit puts it, is "whether a reasonable attorney admitted to practice before the district court would file such a document." *O'Rourke*, 2021 U.S. Dist. LEXIS at * 34 (quoting *Predator Int'l, Inc. v. Gamo Outdoor USA*, Inc., 793 F.3d 1177, 1182 (10th Cir. 2015)).

The Second Circuit has explained that a claim runs afoul of Rule 11 when one of the following situations exists: "(1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; or (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *O'Rourke*, 2021 U.S. Dist. LEXIS at *37 (quoting *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir.), cert. denied, 493 U.S. 1003, 110 S. Ct. 563, 107 L. Ed. 2d 558 (1989)).

Here, Plaintiffs' Complaint rests entirely on whether the FDCA and/or its implementing regulations permit a private cause of action. *See generally* Pl.'s Compl., ECF No. 1, ¶¶ 45–46. Every jurisdiction presented with this question prior to the filing of Plaintiffs' Complaint—and the U.S. Department of Justice—have conclusively responded in the negative. *See e.g., Loreto v. Proctor & Gamble Co.*, 515 Fed. App'x. 576, 578-79 (6th Cir. 2013) ("The FDCA leaves no doubt that it is the Federal Government rather than private litigants who [is] authorized to file suit for noncompliance with its substantive provisions"); *Garfield v. Middle Tenn. State Univ.*,

2021 U.S. Dist. LEXIS 232868, at *6 (M.D. Tenn. Dec. 6, 2021 ("The Sixth Circuit has examined this statute and determined that it creates neither an express nor an implied cause of action"); *Bridges v. Houston Methodist Hosp.*, 2021 U.S. LEXIS 110382, at *5 (S.D. Tex. Jun. 12, 2021) (dismissing the plaintiff's claim because Section 564 "does not confer a private opportunity to sue the government [or] [an] employer").

Moreover, it is a well-settled principle of law that federal regulations cannot themselves create a cause of action. *See Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008) ("The Supreme Court has recently clarified that it will rarely recognize an implied private cause of action arising from a mere regulation.") (*citing Alexander v. Sandoval*, 532 U.S. 275, 285 (2001)); *Smith v. Dearborn Fin. Serv., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993) ("[F]ederal regulations cannot themselves create a cause of action; that is a function of the legislature"); *See* 13 Charles Alan Wright et al., Federal Practice and Procedure, §3531.6, at 1173 (2d ed. Supp. 2007) (private remedies for wrongs defined solely by regulation should be recognized only when Congress has clearly intended that result).

Finally, Plaintiffs' claims are barred as a matter of law pursuant to Article VI, paragraph 2 of the United States Constitution ("the Supremacy Clause") and the United States Supreme Court's recent ruling in *Biden v. Missouri*.  As detailed in Defendants' Motion to Dismiss, the Supreme Court's holding forecloses any and all avenues of relief against Defendants as it pertains to Defendants' vaccination policy implemented pursuant to the CMS Mandate.  In short, Plaintiffs' Complaint should be directed at the CMS and Secretary, not with Defendants who are merely following the law.

## **CONCLUSION**

For these reasons, and those described in Defendants' Motion to Dismiss, Plaintiffs' Complaint is legally baseless from an objective perspective. Mr. Beduhn did not conduct a reasonable and competent inquiry before signing and filing the Complaint and there is no chance of success under existing precedent. To the extent Mr. Beduhn seeks to challenge or modify the current legal requirements imposed on Defendants, he has failed to name the proper parties or has intentionally disregarded all principles of law applicable to the current matter. Defendants respectfully request the Court order Mr. Beduhn to pay all of Defendants' reasonable attorneys' fees and costs incurred in the defense of this legally baseless case, including without limitation those fees and costs related to Defendants' Motion to Dismiss and this instant Motion, as justified sanctions under Rule 11.

DATED this 4th day of February 2022.

*/s/ Bradley Cave*
Bradley T. Cave (Wyoming State Bar # 5-2792)
HOLLAND & HART, LLP
2515 Warren Ave., Suite 450
Cheyenne, WY 82001
Telephone: 307.778.4210
bcave@hollandhart.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, I served the foregoing via email and USPS properly addressed to the following:

Nick Beduhn
P.O. Box 1149
Buffalo, WY 82834
nick.freedomfighter@gmail.com

*Bradley Cave*

18175803_v1

7