

**FILED**

2:38 pm, 4/20/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHRISTIE HIGGINS, RN, et al., | |
| Plaintiffs, | |
| vs. | Case No.  21-CV-232-NDF |
| CHEYENNE REGIONAL MEDICAL CENTER, MEMORIAL HOSPITAL OF CONVERSE COUNTY, | |
| Defendants. | |

## ORDER AWARDING ATTORNEYS' FEES AND SANCTIONS

This matter comes before the Court on the Bill of Costs filed by Defendants on April 1, 2022. (CM/ECF Document [Doc.] 11). On February 28, 2022, Defendants filed a motion seeking Rule 11 sanctions against Plaintiffs' counsel Nick Beduhn. (Doc. 9). Mr. Beduhn did not respond to this motion. On March 18, this Court denied the motion for Rule 11 sanctions, but entered an order to show cause why sanctions should not be imposed against Mr. Beduhn under 28 U.S.C. § 1927. (Doc. 10). Mr. Beduhn did not file a response to this order or otherwise attempt to explain why his conduct in this case was not vexatious or unreasonable. On April 1, 2022, and pursuant to the Court's instructions in Doc. 10, Defendants then filed an itemized bill of costs for attorneys' fees related to work done on the Defendants' 12(b)(6) motion to dismiss and the Rule 11 motion for sanctions. (Doc.

11, Ex. A). The total fees incurred amount to $6,779.00. Once again, Mr. Beduhn did not respond.

Under § 1927, the choice belongs to a district court whether to apply a straight fee recovery method or a lodestar method when assessing awards for attorneys' fees. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1206–07 (10th Cir. 2008). In this case, the Court will apply the straight fee recovery method. Defendants had already chosen their counsel prior to anticipating any potential for the imposition of sanctions against opposing counsel; they should not be penalized for having hired attorneys who have a higher hourly rate than the prevailing hourly rate in the Wyoming market. Defendants' bill of costs shows that 14.9 hours were spent working on the motion to dismiss and that 4.1 hours were spent on the motion for Rule 11 sanctions. Given the issues involved, and having reviewed the work product, the Court finds that this amount of time spent on these tasks is eminently reasonable.

This Court has already—in its order to show cause (Doc. 10)—stated with specificity the 1) excess costs providing a basis for the sanctions, 2) the conduct leading to the sanctions in order to provide notice and to allow a meaningful response from the sanctioned attorney, and 3) the reason for the sanction. *See Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1190 (10th Cir. 2004) (citing *Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987)).

The Court finds the bill of costs to be reasonable both in the amount charged per hour as well as the total number of hours spent on each task. The Court also finds that Mr. Beduhn has been afforded ample due process related to the imposition of sanctions.

Accordingly, IT IS ORDERED that Plaintiffs' counsel, Mr. Nick Beduhn, shall personally pay the Defendants attorneys' fees in the amount of $6,779.00 pursuant to 28 U.S.C. § 1927.

Dated this 20th day of April, 2022.

                                       *Nancy D. Freudenthal*
                                       NANCY D. FREUDENTHAL
                                       UNITED STATES DISTRICT JUDGE